UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATAVIA HURTS, | No. 2:13-cv-2210 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") determining plaintiff was no longer eligible for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act") because she did not meet the adult rules for disability. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff was awarded SSI when she was eight years old. Once plaintiff attained the age of eighteen, plaintiff's disability was redetermined under the rules for disability used for adults. Administrative Transcript ("AT") 13-14. The medical improvement review standard is inapplicable to the disability redetermination. AT 14. Plaintiff alleged she was unable to work

1

due to problems with learning, understanding and remembering. AT 140. In a decision dated September 27, 2012, the ALJ determined that plaintiff's disability ended on February 1, 2007.[1] AT 13-23. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant attained age 18 on December 10, 2004, and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of February 1, 2007, based on a redetermination of disability under the rules for adults who file new applications.
>
> 2. Since February 1, 2007, the claimant has had the following severe impairments: depression, post traumatic stress disorder (PTSD), learning disorder and borderline intellectual functioning.

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

     3. Since February 1, 2007, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

     4. After careful consideration of the entire record, the undersigned finds that since February 1, 2007, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple repetitive tasks; understand simple instructions; and can occasionally interact with supervisors, peers and the public.

     5. The claimant has no past relevant work.

     6. The claimant was born on December 11, 1986 and is a younger individual age 18-49.

     7. The claimant has a limited education and is able to communicate in English.

     8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

     9. Since February 1, 2007, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

     10. The claimant's disability ended on February 1, 2007 and the claimant has not become disabled again since that date.

AT 15-23.

ISSUES PRESENTED

    Plaintiff argues that the ALJ committed error at step three of the sequential evaluation by not finding she met or equaled Listing 12.05C.

LEGAL STANDARDS

    The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

3

1  responsible for determining credibility, resolving conflicts in medical testimony, and resolving
2  ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).
3  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
4  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

5  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
6  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
7  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
8  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
9  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
10 administrative findings, or if there is conflicting evidence supporting a finding of either disability
11 or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
12 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
13 weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

14 ANALYSIS

15 Plaintiff contends she meets or equals Listing 12.05C and is therefore presumptively
16 disabled. The Social Security Regulations "Listing of Impairments" is comprised of impairments
17 to certain categories of body systems that are severe enough to preclude a person from performing
18 gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. §
19 404.1520(d). Conditions described in the listings are considered so severe that they are
20 irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all
21 the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir.
22 1985). It is the disability claimant's burden of proving that his or her impairments meet or equal
23 the required elements of a Listing. Tackett v. Apfel, 180 F. 3d 1094, 1099 (9th Cir. 1999).

24 To meet a listed impairment, a claimant must establish that he meets each characteristic of
25 a listed impairment relevant to his claim. To equal a listed impairment, a claimant must establish
26 symptoms, signs and laboratory findings "at least equal in severity and duration" to the
27 characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to
28 /////

the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526. A finding of equivalence must be based on medical evidence only. 20 C.F.R. § 404.1529(d)(3).

The Listings under 12.05 describe intellectual disabilities consisting of a "significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," i.e. the onset of the impairment occurred before the individual was age 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05. The manifested deficit in adaptive functioning is a prerequisite that must be met by Listings 12.05A-D, along with the individual requirements for each subdivision. Listing 12.05C requires a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

The ALJ discussed in some detail whether plaintiff met Listing 12.02, 12.04 or 12.06 and concluded she did not. AT 16-17. However, with respect to Listing 12.05, the ALJ summarily determined, without analysis, that plaintiff did not meet this Listing. After review of the entire record, the court finds the ALJ's failure to fully analyze whether plaintiff met Listing 12.05 constitutes reversible error.[2]

The record contains two IQ scores that appear to meet the regulatory definition.[3] In 2000, when plaintiff was almost fourteen years old, she underwent a psychological disability evaluation conducted by Dr. Stearns. AT 274-278. Her verbal IQ was assessed as 69. AT 275. At the age of 25, plaintiff was again evaluated in a comprehensive psychological exam by Dr. Ewing. AT 366-371. Dr. Ewing assessed plaintiff's verbal IQ as 70. AT 369. Assuming arguendo that these IQ scores are valid,[4] plaintiff meets the first of the individual requirements under Listing 12.05C.

/////

---

[2] Defendant contends this theory was not presented to the ALJ. Plaintiff's counsel explicitly raised the issue of whether plaintiff met Listing 12.05C in the brief submitted to the ALJ prior to the hearing on August 22, 2012. AT 220-222, 385.

[3] The record contains a third reference to a verbal IQ of 66 assessed after testing in October, 1994, when plaintiff was eight years old. AT 283.

[4] Because the ALJ's analysis did not address in detail Listing 12.05C, the ALJ did not discuss the validity of plaintiff's IQ scores.

1    At step two of the sequential evaluation, the ALJ also found that in addition to borderline intellectual functioning, plaintiff has the additional impairments of depression, post traumatic stress disorder (PTSD) and learning disorder. AT 15. This finding meets the second of the individual requirements under Listing 12.05C. See Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987) (impairment imposing additional and significant work-related limitation of function met if additional impairment's effect on plaintiff's ability to perform basic work activities is more than slight or minimal); see also Pedro v. Astrue, 849 F.Supp.2d 1006, 1015 (D. Or. 2011)(step two determination of additional impairment satisfies third prong of 12.05C). It thus appears plaintiff meets both the individual requirements of Listing 12.05C.

To meet this Listing, however, plaintiff must also demonstrate that she fulfills the diagnostic description, i.e. significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period. There is some evidence in the record that plaintiff may have manifested deficits in adaptive functioning during the developmental period. See, e.g. AT 249 (at age 12, plaintiff's reading, written language and knowledge skills those of age equivalency of seven), 251 (poor hygiene, problems with stealing), AT 265 (fine motor coordination in 50th percentile), AT 276 (plaintiff socially awkward; difficulty in initiating and sustaining friendships). See generally Pedro v. Astrue, 849 F.Supp.2d 1006, 1011-12 (D.Or. 2011) (plaintiff may use circumstantial evidence to demonstrate adaptive functioning deficits, including attendance in special education classes, dropping out of high school, difficulties in reading, writing or math, and low skilled work history); see also Reyna v. Astrue, 2011 WL 2441906 (E.D. Cal June 8, 2011) (plaintiff attended special education classes, failed all classes except wood shop, dropped out in the ninth grade, and held a series of menial positions in which he had difficulty following directions); Gomez v. Astrue, 695 F.Supp.2d 1049 (C.D. Cal. 2010) (plaintiff attended special education classes, dropped out in the ninth grade, never obtained any other education or job training, and evidence in the record of a long history of teachers' comments noting that plaintiff's performance in school warranted special class placement).

/////

The ALJ failed to properly consider whether plaintiff met Listing 12.05C and thus remand is appropriate.  The remaining question is whether to remand this case to the ALJ for further proceedings or to order the payment of benefits.  "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court."  Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985).  Generally, the Court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed."  Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).  Remand for payment of benefits is appropriate where the ALJ erred in discrediting evidence and, absent any outstanding issues to be resolved, it is clear from the record that the ALJ would be required to find the plaintiff disabled were such evidence credited.  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

The record suggests that upon proper review of the entire record, the Commissioner could find plaintiff is presumptively disabled under this Listing.  However, because the validity of the record IQ scores and whether plaintiff sufficiently manifested deficits in adaptive functioning during the developmental period have not been addressed by the ALJ, the matter will be remanded for further consideration of Listing 12.05C.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is denied; and

3. This matter is remanded for further proceedings consistent with this order.

Dated:  November 26, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 hurts.ss.rem